WO                                                                                                                          JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco M. Espinoza, | No. CV 20-01014-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

Plaintiff Francisco M. Espinoza, who is confined in the Arizona State Prison Complex (ASPC)-Eyman, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 5). The Court will order Defendants Shinn and Carr in their individual capacities to answer the Eighth Amendment claims in the Complaint.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $23.77. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

….

TERMPSREF

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

….

### III. Complaint

In his one-count Complaint, Plaintiff sues Arizona Department of Corrections (ADC) Director David Shinn and Deputy Warden Carr. Plaintiff asserts claims related to his conditions of confinement. He seeks monetary relief.

Plaintiff alleges that he is 24 years old and speaks and reads very little English. He is confined in the Special Management Unit (SMU) at ASPC-Eyman, which was used as the "hub" for prisoners who had contracted COVID-19. Plaintiff asserts that on one occasion, a prisoner in a cell adjacent Plaintiff's had recreation or "association" with a prisoner who had been quarantined due to COVID-19. Plaintiff claims Defendant Carr withheld that information from all prisoners, including Plaintiff, who lived in the vicinity of the quarantined prisoner.

Plaintiff is a Hispanic male, and top medical officials, the Center for Disease Control, and top officials for the State of Arizona have stated for months that statistically, minorities, particularly Hispanic and Black individuals, have the highest death rate due to COVID-19. Plaintiff asserts his health and safety have been placed in danger by Defendants Shinn and Carr's action and inaction because they failed to distribute memoranda or notices regarding COVID-19 in Spanish. Plaintiff also claims Shinn and Carr failed to provide the basic necessities to protect Plaintiff from COVID-19, such as sanitizer, soap, disinfectants, or masks, and did not allow prisoners to sanitize their cells. Plaintiff alleges that prisoners in another unit are making protective face masks for officers, but prisoners in SMU are not.

Plaintiff alleges that in late April 2020, he started experiencing loss of appetite, fatigue, and "blood from his penis." He also experienced severe mental anguish because there are a host of symptoms associated with COVID-19, and he became extremely worried about his symptoms. Plaintiff asserts he has been seen by medical staff three times.

Plaintiff alleges that Defendants Shinn and Carr were deliberately indifferent to Plaintiff's safety when they failed to act reasonably in "in response to danger," thereby creating an "environment of hazardous conditions." Plaintiff asserts that Shinn and Carr

"are aware or should be aware" of the risk of serious harm and that he has suffered a threat of grave medical illness or death.  Plaintiff contends Defendant Shinn knew of or was responsible for a Media Advisory regarding COVID-19 management strategy and appears to allege that Shinn's handling of COVID-19 contradicted the media statement.  Plaintiff also claims Defendant Shinn failed to "exercise[]" supervision or additional training of Defendant Carr.

Plaintiff alleges that Defendant Carr failed to allow Plaintiff to exercise his First Amendment right to grieve "government wrongs."  Plaintiff asserts that Carr knows or should know that the grievance process is the gateway to civil litigation and that Carr's "unit" had a practice or custom of obstructing the grievance process.

**IV.     Failure to State a Claim**

   **A.     Individual Capacity versus Official Capacity**

A suit against a defendant in his or her *individual* capacity seeks to impose personal liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  By comparison, a suit against a defendant in his or her *official* capacity represents only another way of pleading an action against the entity that employs the defendant. *Kentucky*, 473 U.S. at 165.  That is, the real party in interest is not the named defendant, but the entity that employs the defendant. *Id.*  To bring a claim against an individual in his official capacity, a plaintiff must show that the constitutional deprivation resulted from the entity's policy, custom, or practice. *Id.*; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff's allegations fail to plausibly show that any policy, practice, or custom of any entity has resulted in his alleged injuries.  Accordingly, the Court will construe Plaintiff's claims as directed against Defendants Shinn and Carr in their *individual* capacities only and evaluate them accordingly.[1]

---

[1] Plaintiff may not obtain money damages from ADC officials in their official

- 4 -

### B. First Amendment

Plaintiff alleges that Defendant Carr has violated Plaintiff's First Amendment rights by obstructing the grievance process. Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

Prisoners have a First Amendment right to file prison grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise to a due process claim. *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of constitutional rights). "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In addition, "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy." *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); *see also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under § 1983 and does not compromise an inmate's right of access to the courts).

---

capacities. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991)) ("[A] state is not a 'person' for purposes of section 1983. . . . Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983.") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

**TERMPSREF**

- 5 -

Plaintiff's vague and conclusory allegation that Defendant Carr has obstructed the grievance process is insufficient to state a claim. Plaintiff provides no factual detail about how Carr has obstructed the grievance process, and, in any event, merely denying grievances or failing to follow ADC grievance policy does not amount to a First Amendment violation. The Court will therefore dismiss Plaintiff's First Amendment claim.

### V.     Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated an Eighth Amendment conditions-of-confinement claim against Defendants Shinn and Carr in their individual capacities. The Court will require Defendants Shinn and Carr to answer the Eighth Amendment claim.

### VI.    Warnings

#### A.     Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

#### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### C.     Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. Plaintiff may comply with Federal Rule of Civil Procedure 5(d) by

TERMPSREF

including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 5) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $23.77.

(3)     Plaintiff's claims for money damages against Defendants Shinn and Carr in their official capacities and his First Amendment claim are **dismissed** without prejudice.

(4)     Defendants Shinn and Carr in their individual capacities must answer the Eighth Amendment claim in the Complaint.

(5)     The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Shinn and Carr.

(6)     Plaintiff must complete[2] and return the service packet to the Clerk of Court

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections,

within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(10)    A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(11)    The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b)    within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of

---

Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

service of the summons and of the costs subsequently incurred in effecting service upon Defendants.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12)   Defendants Shinn and Carr must answer the relevant portions of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14)   This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 2nd day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge