KAB

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Francisco M. Espinoza,

                    Plaintiff,

v.

David Shinn, et al.,

                    Defendants.

No.   CV 20-01014-PHX-MTL (MHB)

**ORDER**

Plaintiff Francisco M. Espinoza, who is currently confined in Arizona State Prison Complex-Florence, brought this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1.) Defendants move for summary judgment (Doc. 26), and Plaintiff did not file a response.[*]

**I.      Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment conditions-of-confinement claims against Defendants Shinn and Carr in their individual capacities, and dismissed the remaining claim.  (Doc. 7.)

---

[*] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) regarding the requirements of a response.  (Doc. 28.)  It appears likely that Plaintiff has abandoned the prosecution of this action.  Plaintiff has not filed anything with the Court since Defendants were served, did not propound any discovery on Defendants (Doc. 23), did not update his address when he was moved to a new unit despite the Court's warnings and the Court's Local Rule requiring Plaintiff to keep the Court apprised of his current address (Doc. 25), and did not respond to Defendants' Motion for Summary Judgment.  Because the Court finds that summary judgment in favor of Defendants is appropriate, the Court will not consider whether this action should be dismissed for failure to prosecute.

1    In his Complaint, Plaintiff relevantly alleged as follows.  After a prisoner in a cell
2    adjacent to Plaintiff's had recreation or association with a prisoner who had been
3    quarantined due to COVID-19, Defendant Carr withheld that information from all
4    prisoners, including Plaintiff, who lived in the vicinity of the quarantined prisoner.
5    Plaintiff asserts his health and safety have been placed in danger by Defendants Shinn and
6    Carr's action and inaction because they failed to distribute memoranda or notices regarding
7    COVID-19 in Spanish and Plaintiff speaks and reads very little English.  Plaintiff also
8    claims Shinn and Carr failed to provide the basic necessities to protect Plaintiff from
9    COVID-19, such as sanitizer, soap, disinfectants, or masks, and did not allow prisoners to
10   sanitize their cells.

11   Plaintiff asserts that Defendants Shinn and Carr were deliberately indifferent to
12   Plaintiff's safety when they failed to act reasonably "in response to danger," thereby
13   creating an "environment of hazardous conditions." Plaintiff asserts that Shinn and Carr
14   "are aware or should be aware" of the risk of serious harm and that he has suffered a threat
15   of grave medical illness or death.  Plaintiff contends Defendant Shinn knew of or was
16   responsible for a Media Advisory regarding COVID-19 management strategy and appears
17   to allege that Shinn's handling of COVID-19 contradicted the media statement.  Plaintiff
18   solely seeks monetary damages.

19   Defendants move for summary judgment.

20   **II.    Summary Judgment Standard**

21   A court must grant summary judgment "if the movant shows that there is no genuine
22   dispute as to any material fact and the movant is entitled to judgment as a matter of law."
23   Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The
24   movant bears the initial responsibility of presenting the basis for its motion and identifying
25   those portions of the record, together with affidavits, if any, that it believes demonstrate
26   the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.

27   If the movant fails to carry its initial burden of production, the nonmovant need not
28   produce anything.  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099,

1102-03 (9th Cir. 2000).  But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249.  In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor.  *Id.* at 255.  The court need consider only the cited materials, but it may consider any other materials in the record.  Fed. R. Civ. P. 56(c)(3).

## III.    Discussion

Defendants assert that they are entitled to summary judgment on Plaintiff's Eighth Amendment claims because they protected Plaintiff from the threat of COVID-19 by allowing him to be vaccinated.   Defendants produce evidence that Plaintiff received vaccinations in April and May 2021.  (Doc. 27 ¶¶ 1-2.)  Defendants assert that Plaintiff has not shown or alleged that he contracted COVID-19 as the result of Defendants' actions and that Defendants were not deliberately indifferent to a substantial risk of harm to Plaintiff because they acted to get Plaintiff vaccinations to protect against COVID-19.  Defendants assert that Plaintiff's allegations of harm are otherwise speculative and that Plaintiff has not produced evidence or alleged that he contracted COVID-19 as a result of Defendants' actions.

"The Eighth Amendment prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Conditions of confinement may be restrictive and harsh; however, they cannot involve the "wanton and unnecessary infliction of pain" or be devoid of a legitimate penological purpose. *Id.* (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Hudson v. Palmer*, 468 U.S. 517, 548 (1984)).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the plaintiff must show that the alleged deprivation was "sufficiently serious" to rise to the level of an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quotations and citations omitted). When determining whether an alleged deprivation is objectively sufficiently serious to support a constitutional claim, a court must consider the circumstances, nature, and duration of a deprivation. *Johnson*, 217 F.3d at 731–32. "The more basic the particular need, the shorter the time it can be withheld." *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

Second, the plaintiff must show that the prison official acted with a "sufficiently culpable state of mind"; that is, that the official "kn[ew] of and disregarded an excessive risk to inmate health or safety . . . ." *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("the inmate must show that the prison officials had no 'reasonable' justification for the deprivation"). Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he

knows that a prisoner faces a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 837–45. Mere negligence is insufficient to establish liability; the official's conduct must have been wanton. *Id.* at 835; *Frost*, 152 F.3d at 1128. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Farmer*, 511 U.S. at 844–45.

In his Complaint, Plaintiff details one incident in which another prisoner may have been in contact with a prisoner that had COVID-19 and alleges that Carr was deliberately indifferent to a risk to Plaintiff's safety by failing to inform Plaintiff and other prisoners that the prisoner had contact with a prisoner who had COVID-19. Plaintiff does not allege that Carr did not act to protect the prisoners, but merely alleges that Carr did not tell the prisoners that lived "adjacent" about this. This alleged failure to disclose information does not suggest that Defendant Carr deliberately ignored a serious risk to Plaintiff's safety. Defendants present evidence that they have acted to protect prisoners, and Plaintiff specifically, from the threat of COVID-19 by having them vaccinated and that Plaintiff has been vaccinated. Plaintiff's remaining allegations that Defendants put him at risk of contracting COVID-19 are conclusory and not based on sufficient facts from which the Court could conclude that Defendants were deliberately indifferent to serious risk to Plaintiff's safety prior to the vaccinations. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment"). For the foregoing reasons, Defendants' Motion for Summary Judgment will be granted.

**IT IS ORDERED:**

(1)    The reference to the Magistrate Judge is withdrawn as to Defendants' Motion for Summary Judgment (Doc. 26).

(2)   Defendants' Motion for Summary Judgment (Doc. 26) is **granted**, and the action is terminated with prejudice.  The Clerk of Court must enter judgment accordingly.

Dated this 16th day of November, 2021.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge